Rosen, J., concurring:
I agree with the majority's conclusion that, under the facts of this case, Lehman had a legitimate expectation in the finality of his sentence. I write separately to emphasize the special circumstances of the case, which, in my view, make this an exceptional situation.
The State filed its motion to correct an illegal sentence before Lehman was discharged from postrelease supervision. If the State had properly served Lehman and had obtained judicial correction of the sentence before the sentence expired, even if it were the day before expiration, Lehman would have had no legitimate expectation of finality of his sentence. If the State had filed the motion to correct and had obtained a judicial stay of finality before the sentence expired, that, in my view, would also have served to preserve the jurisdiction of the sentencing court.
Here, however, despite knowing Lehman's residence at the time he was on postrelease supervision, the State served Lehman's trial counsel instead of Lehman-and trial counsel was no longer Lehman's attorney. By the time the State obtained service on Lehman, his sentence had expired. Having heard nothing informing him that his sentence might be illegal and could be made longer at a later hearing, Lehman had a legitimate expectation that he had fully served his sentence.